UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSLYN ETHEL KOOI, individually and as personal representative of Douglas Kooi,

Plaintiff,

v.

MONSANTO COMPANY, a corporation,

Defendant.

CASE NO. 3:20-cv-05864-BHS

ORDER

THIS MATTER is before the Court on plaintiff Joslyn Kooi's motion to strike defendant Monsanto's expert disclosure or alternatively, to compel narrowing of its expert witness list. Dkt. 28.

Kooi sued Monsanto for wrongful death, alleging that her husband's extensive use of Roundup weed killer products caused the non-Hodgkin lymphoma that killed him. The case was initially filed in this Court in 2020 but was transferred to an MDL court in the Northern District of California for pre-trial purposes. Dkts. 1, 8, 9. In 2025, the case returned to this Court and trial is now scheduled for November 17, 2026. Dkt. 10, 12, 22.

On May 11, 2026, Monsanto served its expert disclosures, identifying twenty-one potential expert witnesses: fourteen retained general causation experts, two retained specific causation experts, three non-retained experts, and two employee experts. Dkt. 28 at 2. The parties met and conferred on June 9, 2026. *Id.* at 2–3. After the meeting, plaintiff's counsel, Douglas Perlman, and Monsanto's counsel, Steven Rich, exchanged emails about narrowing Monsanto's list to include only those experts Monsanto intended to testify at trial. Monsanto agreed to narrow the list to eight experts, excluding two case specific experts, provided Kooi did not seek additional depositions of those experts. *Id.* at 3. Kooi again asked Monsanto to identify only those experts testifying at trial, limited to two case specific experts and one general causation expert. *Id.* at 5. The parties met and conferred again on June 18, but could not agree. *Id.*

Kooi asks the Court to strike Monsanto's expert disclosure or limit it to two case specific experts and one general causation no later than October 17, 2026. *Id.* at 8. She argues that requiring her to prepare for up to fourteen general causation experts is "fundamentally unfair, and defeats part of the purpose of requiring parties to disclose their experts." *Id.* at 6. She contends that Monsanto "is tactically abusing disclosure rules by burying Plaintiffs under an unrealistic, duplicative and repetitive volume of retained experts, the majority of whom will never testify." *Id.* at *7.* She emphasizes that Monsanto has never called more than four experts in any Roundup trial. Dkt. 36 at 3.

Monsanto responds that it does not intend to offer cumulative testimony or call every disclosed expert. Dkt. 34 at 2. It explains that, with more than 20 cases set for trial this year, it disclosed multiple experts on the same subjects to ensure availability. *Id.*

Monsanto denies any obligation to further narrow its list and denies acting in bad faith. *Id.* It emphasizes that Kooi has had "ample notice of each expert's opinions, areas of expertise, and intended testimony" because the experts were previously designated, submitted reports, and testified in depositions in the MDL. *Id.* at 9. It also argues that issues related to general causation "are so technical and complicated" that multiple experts may be required to opine on different aspects. *Id.* Alternatively, Monsanto asks to disclose eight non-case-specific experts, including four general causation experts, plus two case-specific experts to "secure the attendance of the experts it needs at *this* trial." *Id.* at 2.

Kooi replies that preparing for eight experts would require "substantial time, costs, and resources" and would "unfairly prejudice" her. Dkt. 36 at 5. She asks that Monsanto be required to identify the one or two general causation experts it actually intends to call reasonably in advance of trial. *Id.*

Federal Rule of Civil Procedure 26(a)(3)(A)(i) states that a party must provide . . . "the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises." These disclosures must be made at least 30 days before trial. Fed. R. Civ. Pro. 26(a)(3)(B). Local Civil Rule 43(j) states that "[e]xcept as otherwise ordered by the court, a party shall not be permitted to call more than one expert witness on any subject."

Monsanto asks to disclose ten potential experts: two case-specific experts, four general causation experts, and four other non-case specific experts. Kooi asks that

Monsanto be limited to three: two case-specific and one general causation expert. The difference is significant for purposes of trial preparation. Although Kooi has notice of the experts' opinions because they have previously been disclosed and deposed, preparing to cross-examine eight potential non-case-specific experts imposes a substantial burden when Monsanto is unlikely to call most of them. Monsanto does not dispute that it typically calls only four experts in any given case. At the same time, limiting Monsanto to a single general causation expert would not adequately account for the complexity of the issues and Monsanto's legitimate concerns about expert availability.

The Court concludes that Monsanto may identify no more than four experts that it expects to testify at trial: two case-specific experts and two non-case specific experts, whether on general causation or otherwise, no later than October 17, 2026. If Monsanto determines that it reasonably anticipates calling additional experts, it shall submit a request to the Court detailing why their testimony is necessary to supplement or augment the testimony of the experts previously identified.

Kooi's motion, Dkt. 28, is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2026.

BENJAMIN H. SETTLE
United States District Judge